**UNITED STATES of America, Plaintiff,**

v.

**All Monies and Other Property Contained in Any and All Accounts and Certificates in the Names of BANCO CAFETERO INTERNATIONAL, Banco Cafetero Panama, Banco Cafetero Panama S.A., Banco Cafetero Bogota, Banco Cafetero Colon, Banco Cafetero Caribe Ltd., including But Not Limited to Checking Account Nos. 8033066547, 8033269898, and 8026003335, up to the amount of $31,000,000 United States Currency and All Monies and other Property Contained in checking account No. 8033270500, up to an Unlimited Amount of United States Currency, Maintained At Various Branches of Irving Trust Company, Defendants-in-rem.**

**UNITED STATES of America, Plaintiff,**

v.

**ACCOUNT NO. 000400054817 AT CHEMICAL BANK, Defendant-in-rem.**

**UNITED STATES of America, Plaintiff,**

v.

**ACCOUNT NO. 000019236021 AT PHILADELPHIA INTERNATIONAL BANK, Defendant-in-rem.**

**UNITED STATES of America, Plaintiff,**

v.

**ACCOUNT NO. 000000030465 AT MARINE MIDLAND BANK NA, Defendant-in-rem.**

**UNITED STATES of America, Plaintiff,**

v.

**ACCOUNT NO. 000001011892 AT FIRST CHICAGO INTERNATIONAL BANKING CO., Defendant-in-rem.**

Nos. 85 Civ. 1835 (GLG) to 85 Civ. 1837 (GLG), 85 Civ. 1840 (GLG) and 85 Civ. 1841 (GLG).

United States District Court, S.D. New York.

Sept. 13, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; Robert L. Ullmann, Cynthia Keeffe, Sp. Asst. U.S. Atty., Franklin H. Stone, Asst. U.S. Atty., of counsel.

Kelley Drye & Warren, New York City, for defendants-in-rem; Scott G. Campbell, Arnold S. Klein, Tomas T. Szoboszlai, of counsel.

## OPINION

GOETTEL, District Judge.

On March 8, 1985, the United States filed complaints in forfeiture against moneys located in various bank accounts, alleging that the moneys are subject to forfeiture pursuant to 21 U.S.C. § 881.[1] The Govern-

---

1. Section 881 of Title 21, which provides for the forfeiture of property connected to illicit drug traffic, states in relevant part as follows:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   *     *     *     *     *     *

ment then obtained warrants for arrest of the defendants-in-rem. On March 13, 1985, claimants Banco Cafetero International Corporation, Banco Cafetero (Panama) S.A., Banco Cafetero Bogota, and Banco Cafetero Colon (collectively the "BC Banks") moved to vacate the warrants of arrest pursuant to Rule 12 of the Admiralty and Maritime Claim Rules of the United States District Court for the Southern and Eastern Districts of New York.[2] The Court denied the motion, but recognized the need for a prompt hearing. *See United States v. All Monies and Other Property Contained in Any and All Accounts and Certificates in the Name of Banco Cafetero International,* 608 F.Supp. 1394 (S.D.N.Y.1985) (the "Opinion").[3]

Subsequently, the Government and the BC Banks made several motions. First, the BC Banks moved for an order granting reargument of their motion to vacate the warrants, pursuant to 28 U.S.C. § 1292(b). Next, the Government moved for an order pursuant to 21 U.S.C. § 881(i) and Fed.R. Civ.P. 26(c), staying discovery in the forfeiture actions pending resolution of criminal investigations and proceedings. Finally, the BC Banks moved for several orders to rectify alleged grand jury abuse. Because the motions are related they will be dealt with in this one opinion. For the reasons set forth below, the Court grants the BC Banks' motion for an order certifying an appeal and denies all other motions, except that discovery is stayed pending appellate consideration of the application for a certified appeal.

## DISCUSSION

### A. *BC Banks' Motion To Reargue Or For Certification*

The BC Banks move to reargue the Opinion and request the Court to reconsider three questions: (1) whether the Government's failure to show probable cause for its seizure of millions of dollars of the banks' property deprives the BC Banks of due process; (2) whether, in addition to a customer's chose in action, 21 U.S.C. § 881 authorizes the Government to forfeit a bank's property; and (3) whether the warrants violate the particularity requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims. The Court denies this request because, contrary to the BC Banks' belief, the Court did not overlook facts or controlling authorities.[4] The Court considered and evaluated everything presented to it by the parties and other material found from its own research. However, this is a novel case and the Court recognizes that there is a substantial ground for difference of opinion. Moreover, the Government's request for a stay of discovery highlights the problem and

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(b) Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property....

21 U.S.C. § 881 (1982).

**2.** Rule 12 provides that,

[w]here property is arrested or attached, any person claiming an interest in the property arrested or attached, may upon a showing of any improper practice or a manifest want of equity on the part of the plaintiff be entitled to an order requiring the plaintiff to show cause why the arrest or attachment should not be vacated or other relief granted consistent with these rules or the Supplemental Rules.

Rule 12 of the Admiralty and Maritime Claim Rules of the United States District Court for the Southern and Eastern Districts of New York.

**3.** Familiarity with this Opinion will be assumed.

**4.** Marine Midland Bank N.A., a custodial bank of some moneys, also moved to reargue its motion to quash or amend the warrants. This too is denied since no overlooked facts or controlling authorities have been cited.

makes a definitive ruling on the relative rights of the parties imperative. For these reasons, the Court seriously considers the BC Banks' alternative request for an order certifying an immediate appeal.

■ The BC Banks have alternatively moved for an order certifying the following questions for appeal pursuant to 28 U.S.C. § 1292(b): (1) whether, where the Government commenced, pursuant to 21 U.S.C. § 881, civil forfeiture proceedings and contemporaneously seized millions of dollars credited to the checking accounts of several banks, the failure to provide those banks with an immediate post-seizure evidentiary hearing and determination whether the Government had probable cause to seize and return that property, deprived the banks of that property without due process of law under the Fifth Amendment to the U.S. Constitution; and (2) where a customer of a claimant bank has previously deposited money into a demand account maintained by the claimant bank with a correspondent bank, and the Government alleges the customer funded the prior deposit with the proceeds of illicit transactions forfeitable under 21 U.S.C. § 881, can the Government seek to forfeit a subsequent credit balance in the claimant bank's account with its correspondent in lieu of the credit which the customer received when it made the previous deposit.

Although the Government opposes this motion on a number of grounds, the Court is thoroughly persuaded that this is exactly the type of interlocutory decision that should receive immediate appellate review. These are controlling legal questions as to which there is substantial ground for difference of opinion. An immediate appeal of these questions will materially advance the ultimate termination of this litigation. Consequently, the Court will certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[5]

## B. The Government's Motion To Stay Discovery

■ The Government seeks a stay of discovery pending entry of a verdict or plea in the case entitled *United States v. Jose Santacruz-Londono and Gilberto Rodriguez-Orejuela,* 80 Cr. 171 (S–2) (E.D.N.Y.), and resolution of a pending criminal investigation in the Southern District of New York of the BC Banks. As discussed in the earlier Opinion, Gilberto Rodriguez was the president of First Interamericas Bank of Panama, S.A. ("FIB"). According to the Government, FIB was at the hub of the money laundering scheme involving the defendants-in-rem. Rodriguez was indicted in Los Angeles in August 1982, for violation of the federal narcotics laws. He was also indicted in the Eastern District of New York for violating narcotics laws. Based on these indictments, he was arrested in Madrid, Spain, and is currently facing extradition to the United States. In the Southern District of New York, a July 1983 Additional Grand Jury is investigating the conduct of the BC Banks.

The Government does have an interest in staying discovery in a civil action until disposition of related criminal matters. *See Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962); *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y.1966). However, there are several problems with the Government's request in the instant action. Because of these problems, coupled with the BC Banks' conflicting interest to have a prompt hearing, we cannot grant the motion.

■ Section 881(i) of Title 21 of the United States Code provides that "[t]he filing of an indictment or information alleging a violation of this subchapter ... which is also related to a civil forfeiture proceeding under this section shall, upon motion of the

---

5. The Government contends that during oral argument on the motion to vacate, the BC Banks made an application to the Court to certify an appeal of its opinion in the event that the Court denied their motion to vacate. The Government argues that the Court correctly denied this application by declining to make such a certification in its Opinion. The Court did not deny this request and an order can be amended to include the certificate at any time. 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.22[3] at 262.

United States and for good cause shown, stay the civil forfeiture proceeding." 21 U.S.C. § 881(i) (West Supp.1985). Thus, if an indictment has been filed alleging a violation of Title 21, United States Code, chapter 13, subchapter 1 (21 U.S.C. §§ 801–904), and the Government shows good cause for a stay of a related civil forfeiture commenced under 21 U.S.C. § 881, then the court must stay the forfeiture action.

By is own terms, section 881(i) requires as a condition precedent the filing of an indictment or information that is "related to" the civil forfeiture proceedings. Thus, section 881(i) is relevant only because of the *Rodriguez* indictment. The Court is not troubled by the fact that the *Rodriguez* case is pending in a different district. However, we are concerned with the extent to which it is related to the instant action.

We can find no case law interpreting the "related to" language. The legislative history suggests that it is a codification of existing law, wherein "[g]enerally, the courts have been willing to grant such stays of civil forfeiture proceedings when the government has commenced a criminal action concerning the same acts that have given rise to the forfeiture." 4 U.S.Code § Ad.News 3398 (98th Cong., 2d Sess.1984). Under such standards, the *Rodriguez* action is not related to the civil forfeiture actions because the parties, issues, and relevant facts and transactions are different. Although identity of issues and parties between the criminal case and the civil case may not be necessary, there must be a stronger connection than the one in the instant action.

We are left then with the criminal investigation of the BC Banks. A grand jury is presently investigating these banks, but has not returned an indictment as of today. The Government argues that the prosecutors should be given a reasonable time in which to return indictments and try defendants in connection with this investigation. But section 881(i) applies only after an indictment. Civil actions have, however, been stayed under Rule 26(c) of the Federal Rules of Civil Procedures[6] because of related criminal investigations even when no indictment has yet been returned.

Under either Rule 26(c) or section 881(i), the Government must show good cause for the stay.[7] "[T]he suppliant for a stay must

---

**6.** Rule 26(c) provides as follows:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a disposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only be a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed.R.Civ.P. 26(c).

**7.** There are no cases interpreting the "good cause" requirement of section 881(i). The analysis would probably involve the interest analysis generally utilized by the courts in determining the appropriateness of civil stays. The Government states in its papers that "[a]lthough courts have not yet interpreted 21 U.S.C. § 881(i), it can be assumed that the law has enlarged those rights which the Government previously enjoyed in seeking stays of civil forfeiture actions under Rule 26(c) of the Federal Rules of Civil Procedure." The Government's Memorandum of Law in Support of Motion for Stay of Discovery at 6–7. The Government cites no authority for this proposition and we can find no cases for such an assumption. Rather, we would contemplate that a greater showing of need must be shown because of the interests involved. *See*

make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

The Government argues that a stay is necessary because information that it would be required to produce under the Federal Rules of Civil Procedure would prejudice both the prosecution of Rodriguez and the criminal investigation of the BC Banks. For example, cites the Government, among the documents sought by the BC Banks in their first document request are all records relied on by the Government in commencing the forfeiture actions and all material disclosed to any government attorney or agent involved in the forfeiture actions in accordance with two Rule 6(e) orders. The disclosure of such information, concludes the Government, would be almost certain to hamper and would present untenable risks of prejudice to the prosecution of Rodriguez and the investigation of the BC Banks.

The Government offers no other explanation of how it would be prejudiced or hampered other than the above contentions. Such allegations are conclusory and insufficient to warrant a stay of the civil forfeiture actions. *See United States v. Thirteen (13) Machine Guns and One (1) Silencer,* 689 F.2d 861, 864 (9th Cir.1982) ("[The Government's] conclusory allegations that a forfeiture action would have jeopardized its criminal prosecution are clearly not sufficient to justify depriving [the claimant] of his property for 21 months without a hearing."); *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir.1973) (The movant for a protective order postponing civil discovery has the burden to come forward with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.").

Moreover, the scope and duration of the requested stay is too indefinite. The Government's criminal investigation of the BC Banks has been ongoing for more than 20 months, and no information is given as to its present status or how long it may take to be resolved. *See* Government's Notice of Motion, Declaration of David S. Hammer. Further, the Government's earlier Rule 6(e) applications contemplated successor grand juries. Likewise, the timetable for the Rodriguez trial is somewhat indefinite. The Government filed its extradition papers 7 months ago, and Rodriguez has not yet been extradited. The Government *anticipates* that the extradition hearing will occur in late September 1985 and that the trial will commence in early 1986. *See* Affidavit of Carol B. Schachner. A stay of such indefinite duration cannot be granted. *See Landis v. North American, supra,* 299 U.S. at 257, 57 S.Ct. at 167 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits....."); *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982) ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration."). This is true especially in light of the BC Banks' interest in having a prompt hearing. *See Landis v. North American, supra,* 299 U.S. at 255, 57 S.Ct. at 166 (The court must "weigh competing interests and maintain an even balance.").

The Government argues that several factors will contribute to minimize any claim of hardship by the BC Banks resulting from a stay of discovery: First, the Government has provided guidelines that will enable the BC Banks to obtain the

---

*Dellinger v. Mitchell,* 442 F.2d 782, 787 (D.C.Cir. 1971) (A determination of injury to the restrained party is "of particular importance where the claim being stayed involves a not insubstantial claim of present and continuing infringement of constitutional rights."); *United States v. U.S. Currency,* 626 F.2d 11, 18 n. 1 (6th Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66

L.Ed.2d 290 (1980) ("[O]ne factor which the Court should weigh, particularly in considering the use of temporary stay, is the possible hardship which appellees may suffer if there is a lengthy delay in the adjudication of the forfeiture proceeding, especially in light of the substantial sums of money [approximately $85,000] involved herein.").

release of money if they can demonstrate that it has no connection with FIB; second, most of the restrained money is in interest-bearing accounts and the remaining money can easily be placed in similar accounts; and third, the forfeiture proceedings will certainly be resolved more expeditiously than the case of *United States v. U.S. Currency,* 626 F.2d 11 (6th Cir.1980).

These factors do not minimize the hardship sufficiently. With respect to the third factor, the duration of the stay is too indefinite as discussed above. As for the second factor, the court in *United States v. U.S. Currency, supra,* 626 F.2d 11, indicated that in balancing the hardship which the claimant may suffer if there is a lengthy delay in the adjudication of the forfeiture proceeding, the court might consider placing the funds in an interest-bearing account during the pendency of the civil action. *Id.* at 18 n. 1. The instant action, however, presents additional concerns that will not necessarily be cured by accruing interest. For example, the BC Banks cannot use the moneys in investments that they desire. Further, the BC Banks are allegedly suffering injury to reputation and loss of customers and business that will continue. In addition, the guidelines seem to require the BC Banks to provide discovery in a situation where the Government requests that it not be required to provide discovery.[8]

An additional difficulty that the Court has with the Government's request is its timing. Both the indictment of Rodriguez and the commencement of the criminal investigation of the BC Banks were events that occurred before the Government instituted these forfeiture proceedings. Having chosen to institute these proceedings, the Government must have foreseen that the BC Banks would seek the discovery that the Government now seeks to stay on a claim of prejudice. But the Government failed to move for protection until now—after it instituted the proceedings, after the

hearing on the motion to vacate the warrants, after the Court ordered expedited discovery and a prompt hearing in its earlier Opinion, and after the Government opposed the BC Banks' motion for reargument and certification in the grounds, *inter alia,* that there is no due process violation and an appeal would be counterproductive because of the expedited discovery and prompt hearing. Consequently, the Court denies the Government's motion for a stay of discovery. We will, however, stay discovery pending consideration of the application for a certified appeal.

### C. *BC Banks' Motion For Orders Rectifying Grand Jury Abuse*

The BC Banks argue that the Government has abused the grand jury investigating the conduct of the BC Banks. The Banks contend that the Government has conscripted a sitting grand jury for service as the Government's civil attorneys' private investigator. For example, argue the Banks, the Government has circumvented the Federal Rules of Civil Procedure and the claimants' rights to notice of discovery requests in the civil forfeiture proceedings through the use of *ex parte* grand jury subpoenaes. The most egregious abuse of the grand jury, contend the Banks, is the arrangement whereby the civil Assistant United States Attorney is using United States Customs Service agents with unlimited access to the grand jury to assist him in the forfeiture proceedings. These agents have been assisting in the grand jury investigation before the instant action, and have continued to do so while assisting the Assistant United States Attorney in the instant action. Such an arrangement, argue the Banks, circumvent the grand jury's secrecy and the strictures of *United States v. Sells Engineering,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). Moreover, these agents are critical in the evaluation of the Government's probable cause to institute the forfeiture proceedings and as the agents view more material, it becomes

---

**8.** As to whether there may or may not be other problems with guidelines, the Court expresses no opinion.

more difficult to compartmentalize what the agents knew and when. For these and other alleged abuses, the BC Banks seek to have the Court enter several orders to rectify the purported wrongs.[9]

■ Some of the requests are now moot.[10] We are left with the BC Banks' requests to schedule a hearing to determine the extent and nature of the abuse of the grand jury and to suppress evidence disclosed to the attorneys and agents on the forfeiture actions. However, the Banks have cited no authority for this Court to order such extraordinary relief. Therefore, that motion is denied.

## CONCLUSION

As discussed above, the Court denies all the motions except BC Banks' motion for an order certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Pending the appeal, however, all discovery is stayed.

The situation that has evolved in these forfeiture proceedings has brought to a loggerhead two valid, yet conflicting, interests—that of the Government to trace and seize proceeds of illicit drug transactions and that of the BC Banks to have a prompt hearing to determine the Government's probable cause to seize their moneys, which would hopefully lead to the release of the moneys. There is little, if any, guidance from the Second Circuit on the law to be applied in resolving the various disputes and issues. As new developments and issues arise, the law gets even more muddled and non-existent. This is a novel area where appellate guidance is needed.

The plaintiff will settle an order certifying an appeal pursuant to 28 U.S.C. § 1292(b), setting forth the issues to be

---

**9.** The BC Banks move for an order:

    (a) Vacating Rule 6(e) Orders dated March 8 and 14, 1985.

    (b) Requiring the Government to disclose the existence of any other 6(e) Orders authorizing the disclosure of material to any agent or attorneys or other persons involved in any way in the civil forfeiture actions;

    (c) Requiring the Government to notify the BC Banks of any subsequent applications for disclosure of any grand jury materials to agents or any other persons participating in any way in the prosecution of the civil forfeiture proceedings and provide the BC Banks with any opportunity to contest any applications seeking such disclosure;

    (d) Barring the agents aiding the Government's civil attorneys and the agents upon whose knowledge and belief the Government relied as its basis for probable cause in comencing the civil forfeiture actions from any further access to materials of the grand jury;

    (e) Scheduling a hearing before this Court to determine the full extent and nature of the abuse of grand jury process;

    (f) Suppressing everything disclosed to the attorneys and agents responsible for the prosecution of the civil forfeiture actions pursuant to the arrangement of the grand jury agents and to the two 6(e) Orders in civil forfeiture proceeding, or, alternatively, identifying and disclosing all such material to the BC Banks; and

    (g) Such other relief as may be just and proper.

**10.** The Government is willing to grant some of the relief that the BC Banks seek. The following is the Government's response to the requests of the BC Banks.

    (a) the Government will consent to an order vacating the orders issued pursuant to F.R. Crim.P. 6(e) (the "Rule 6(e) orders") signed by the Honorable Charles L. Brieant, Jr. on March 8, 1985 and March 14, 1985 for the reason that the Government is not currently using these orders and is willing to seek additional Rule 6(e) orders if they are necessary;

    (b) the Government has disclosed that no other Rule 6(e) orders exist in connection with this case;

    (c) the Government will only notify the BC Banks of subsequent applications for disclosure of grant jury material to the extent that such applications and such notice are legally required, as explained herein;

    (d) the BC Banks have no right to prevent the Customs agents from access to grand jury materials;

    (e) and (f) an immediate hearing is unnecessary because (i) the Government has set forth herein the extent to which any material that might be considered grand jury material has been disclosed to the forfeiture litigators, (ii) as explained herein, none of the disclosure was improper, (iii) even if improper disclosure, had occurred, the BC Banks' proposed remedy would be improper because the BC Banks have not shown any particularized need for the grand jury material and (iv) in any event there is no reason to reach this issue until the Government seeks to use the material at trial.

appealed, including the Government's request for a stay of discovery.

SO ORDERED.