UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE LOCATED AT 12525 PALM ROAD, NORTH MIAMI, DADE COUNTY, FLORIDA, together with all appurtenances thereto and improvements thereon, Defendant.

No. 89–1634–CIV.

United States District Court,
S.D. Florida.

Feb. 8, 1990.

---

**1058**

James R. Boma, Asst. U.S. Atty., Fort Lauderdale, Fla., for plaintiff.

Raul Carreras, Jr., Miami, Fla., for claimant Fernando Morales.

Donald L. Graham, Miami, Fla., for claimant Luz Marina Morales.

## OMNIBUS ORDER

RYSKAMP, District Judge.

### I. INTRODUCTION

THIS MATTER is before the court on the parties' various motions: 1) plaintiff's motion to stay these proceedings, filed December 29, 1989; 2) claimant Luz Marina Morales' motion to dismiss, filed January 19, 1990; 3) claimant Fernando Morales' motion to adopt claimant Luz Marina Morales' motion to dismiss, filed January 26, 1990; 4) plaintiff's motion to strike claimants' motion to dismiss, filed January 31, 1990; and, 5) plaintiff's motion for default as to all claimants except Luz Marina Morales, filed January 31, 1990.

While plaintiff's complaint for forfeiture names the defendant real property as styled above, the parties later agreed that the property would be sold pursuant to a sales agreement entered into before this action was filed. The proceeds of that sale, amounting to $89,230.00, were deposited in the court registry in an interest bearing account pending the resolution of this case.

### II. ANALYSIS

■ The following analysis will treat in detail only the motion by the United States for entry of an order staying these proceedings. The United States argues that these proceedings should be stayed under 21 U.S.C. § 881(i) or, alternatively, Rule 26(c) of the Federal Rules of Civil Procedure.

The United States is clearly not entitled to a stay under section 881(i), which by its plain terms requires that an indictment have issued as a condition precedent to the entry of a stay.[1] *United States v. Banco Cafetero Int'l,* 107 F.R.D. 361, 365 (S.D.N.Y.1985), *aff'd sub nom., United States v. Banco Cafetero Panama,* 797 F.2d 1154 (2d Cir.1986); *see also United States of America v. One Parcel of Real Estate at 1303 Whitehead Street, Key West, Florida,* 729 F.Supp. 98 (S.D.Fla.1990) (King, C.J.) (to obtain stay, government must show indictment related to civil forfeiture proceeding and good cause). This court cannot accept plaintiff's unsupported argument that the "spirit" of section 881(i) allows the court to grant a stay under section 881(i) when no indictment exists.

Nevertheless, the United States may be entitled to a stay through a protective order under Rule 26(c), even though no criminal indictment has issued. *Banco Cafetero,* 107 F.R.D. at 365. In any event, whether the government proceeds under Rule 26(c) or section 881(i), it must show

---

1. 21 U.S.C. § 881(i) provides:

 The filing of an indictment or information alleging a violation of this subchapter or subchapter II of this chapter, or a violation of State or local law that could have been charged under this subchapter or subchapter II of this chapter which is also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding.

good cause for a stay to be entered. *Id.* at 365–66.

 This court has located one case considering the standard for good cause under Rule 26(c) in a factual situation analogous to this; *i.e.,* when the government moves for a stay of a civil forfeiture proceeding under section 881(i) and Rule 26(c) but no criminal indictment has issued. *See United States v. Banco Cafetero Int'l,* 107 F.R.D. 361, 365 (S.D.N.Y.1985), *aff'd sub nom., United States v. Banco Cafetero Panama,* 797 F.2d 1154 (2d Cir.1986).[2]

The district court in *Banco Cafetero* refused to enter a stay under Rule 26(c), finding that the government's arguments of prejudice rested on conclusory allegations and that the scope and duration of the requested stay was too indefinite. *Banco Cafetero,* 107 F.R.D. at 366. Affirming this decision on appeal, the Second Circuit indicated that district courts should consider delays in forfeiture trials under the test for speedy trials developed in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See Banco Cafetero Panama,* 797 F.2d at 1163 (*Barker* applies to delays in holding of forfeiture trial and to filing of action; district court must consider length of delay, reason for delay, claimant's assertion of right to prompt adjudication, and prejudice to claimant).[3]

Beyond the context of forfeiture cases, precedent exists within this jurisdiction regarding the stay of a civil suit pending the outcome of a criminal investigation, when no indictment has issued. *Campbell v. Eastland,* 307 F.2d 478, 487–90 (5th Cir. 1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).[4] In *Campbell,* the defendant government moved for the stay of a civil tax refund proceeding pending disposition of a criminal case against the plaintiff, which was then being submitted to the grand jury. *Id.* at 482. The district court denied the motion, but the Fifth Circuit reversed. The Fifth Circuit stated that judges should be sensitive to the fact that discovery in criminal cases is more restrictive than that in civil cases, in order to "prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Id.* at 487.

The Fifth Circuit in *Campbell* then considered a number of factors in order to properly balance the "individual's right to prepare his case promptly against the public interest in withholding the full disclosure sought" and to determine whether a stay should have been entered. *Id.* at 490. Those factors, similar to those used in *Banco Cafetero,* include the length of the requested delay; whether prejudice would result to the individual from a reasonable delay; and whether more limited discovery is available, through devices such as interrogatories. *See also In re Mid–Atlantic Toyota Antitrust Litigation,* 92 F.R.D. 358, 359 (D.Md.1981) (when considering stay of civil case due to pending or potential criminal action, courts consider public versus private interest; burden on defendants; convenience to courts; interests of nonparties to litigation; and public interest).

In this case, various factors suggest that a stay may be appropriate. First, the property in controversy has been reduced to monies now on deposit with the clerk of court in an interest bearing account. Thus, the claimants will not be prejudiced by a wasting of these assets, although their use

---

2. This court has located only one other case in which the government sought a stay under § 881(i) and Rule 26(c). *See United States v. Premises and Real Property at 297 Hawley Street, Rochester, New York,* 727 F.Supp. 90 (W.D.N.Y. 1990). Because a criminal indictment had issued and the court found that the government had shown good cause, the court granted a stay under § 881(i). It did not consider how Rule 26(c) would be applied in a civil forfeiture proceedings if no indictment yet existed.

3. The Second Circuit in *Banco Cafetero* did not distinguish between the analysis to be employed under Rule 26(c) or under § 881(i). The court below had suggested that the government must show greater need under § 881(i) than under Rule 26(c), because constitutional interests and substantial sums of money are involved. *Banco Cafetero,* 107 F.R.D. at 365 n. 7.

4. Fifth Circuit decisions rendered before October 1, 1981, bind the Eleventh Circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

admittedly is restricted. Second, in contrast to the indefinite stay sought in *Banco Cafetero*, the government in this case seeks to stay this case only 60 days. The related criminal matter already has been submitted to the grand jury, and the government anticipates that indictments will issue in February, 1990, whether or not the claimants in this case are indicted.

On the other hand, the government's allegations concerning the prejudice it will suffer are conclusory, a key factor in denial of the stay requested in *Banco Cafetero*, 107 F.R.D. at 366.[5] These allegations are insufficient to demonstrate the good cause necessary under Rule 26(c). Regarding what constitutes such good cause, this court finds instructive a recent decision involving the requirements for good cause under § 881(i). *See United States of America v. One Parcel of Real Estate at 1303 Whitehead Street, Key West, Florida,* 729 F.Supp. 98, 99 (S.D.Fla.1990) (King, C.J.).

In *1303 Whitehead Street,* the court concluded that the government must show good cause under § 881(i) in the same form as it would justify a preliminary injunction under Fed.R.Civ.P. 65. Accordingly, the government must show that (1) a substantial likelihood exists that it will prevail on the merits, (2) a substantial threat exists that it will suffer irreparable injury if the stay is not granted, (3) the threatened injury to the government outweighs the threatened harm the stay may do to the claimant, and (4) granting the stay will not disserve the public interest. *See One Parcel of Real Estate at 1303 Whitehead Street,* at 99 (citing *Canal Authority of Florida v. Callaway,* 489 F.2d 567 (5th Cir.1974), *reaffirmed by, Tally–Ho, Inc. v. Coast Community College District,* 889 F.2d 1018 (11th Cir.1989)). Like the court in *1303 Whitehead Street,* this court concludes that it would benefit from the government's "compelling showing" that a stay is necessary in this case. *One Parcel of Real Estate at 1303 Whitehead Street,* at 100.

### III. CONCLUSION

Accordingly, after consideration of these motions and the record in this matter, it is hereby:

ORDERED and ADJUDGED that a ruling on plaintiff's motion to stay these proceedings is DEFERRED pending an *in camera* inspection of the discovery material that claimants seek. The government shall provide these materials to the court on or before February 12, 1990. Claimants' request for sanctions against plaintiff is DENIED. Claimant's request for an order compelling compliance with discovery is DEFERRED, pending the court's *in camera* inspection of those documents sought to be compelled.

ORDERED and ADJUDGED that this case is removed temporarily from the trial calendar, until further notice from the court.

ORDERED and ADJUDGED that claimant Fernando Morales' motion to adopt his co-claimant's motion to dismiss is GRANTED.

ORDERED and ADJUDGED that claimants' motion to dismiss this action, as founded on a seizure that unconstitutionally denied them due process, is DENIED. The law is clear that the government need not obtain prior judicial approval for the seizure of items subject to forfeiture. *United States v. A Single Family Residence,* 803 F.2d 625, 632 (11th Cir.1986) (citing *United States v. $8,850.00 in United States Currency,* 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983)).

ORDERED and ADJUDGED that plaintiff's motion to strike claimants' motion to dismiss is DENIED as moot.

---

**5.** The government is inaccurate in characterizing the decision in *Banco Cafetero* as founded primarily on the indefiniteness of the stay sought. The district court in *Banco Cafetero* first attacked the government's allegations as to prejudice as being "conclusory and insufficient to warrant a stay of the civil forfeiture actions." *Banco Cafetero,* 107 F.R.D. at 366. It then continued by noting that *"[m]oreover, the scope and duration of the requested stay is too indefinite." Id.* (emphasis added).

ORDERED and ADJUDGED that plaintiff's motion for default is DENIED. This motion was premised on the government's erroneous conclusion that only Luz Marina Morales filed a claim. A cursory examination of the court file quickly reveals that both Luz Marina Morales and Fernando Morales filed claims on August 24, 1989.

DONE and ORDERED.