**UNITED STATES of America, Plaintiff,**

**v.**

**FUNDS HELD IN THE NAMES OR FOR THE BENEFIT OF John Hugh WETTERER, and/or Associacion Amigos del los Ninos Hogar Mi Casa, a/k/a Mi Casa, at Bank of America International, Lloyds Bank International and Sterling Bank, Including but not Limited to Bank of America account numbers IF 1119–9984, 162232 IBF, 10201–01–1, and 6–58–05616, Lloyds Bank International Bank Number 00070897 (Nassau Branch) and Sterling Bank account numbers 907–103 and CD 15590 and all related accounts and funds, Defendants.**

**No. CV 91–0234 (ADS).**

United States District Court,
E.D. New York.

July 16, 1991.

Andrew J. Maloney, U.S. Atty., by Gary R. Brown, E.D.N.Y., Brooklyn, for plaintiff.

Jeffrey W. Waller, Huntington, for defendant Ass'n Amigos del los Ninos Hogar Mi Casa a/k/a Mi Casa.

## ORDER

SPATT, District Judge.

 Having read and reviewed the Report and Recommendation of United States Magistrate Judge Michael Orenstein dated June 4, 1991, the Government's motion, pursuant to 18 U.S.C. § 981(g), for a stay of this civil forfeiture proceeding pending the termination of the related criminal prosecution now before this Court, is granted to the extent set forth below. Accordingly, it is hereby

ORDERED that the civil forfeiture proceeding is stayed for a period of six months, with leave granted to the Government to apply for a renewal of such stay upon an appropriate showing of good cause; and it is further

ORDERED that the claimant's motions pursuant to Fed.R.Civ.P. 37(a) and 28(b) are denied without prejudice to a renewal thereof upon the expiration of the stay of the civil forfeiture proceeding or the conclusion of the trial of the criminal indictment, whichever occurs sooner.

1. Although an indictment has been filed, the defendant, John H. Wetterer remains a fugitive. Presently, high level United States officials are

REPORT

MICHAEL L. ORENSTEIN, United States Magistrate Judge.

Pursuant to 18 U.S.C. § 981(g), the Government moves for a stay of this civil forfeiture proceeding pending the termination of the related criminal prosecution now before United States District Judge Arthur D. Spatt. (*United States v. Wetterer,* 91–CR–0112 [ADS] [E.D.N.Y.]).[1]

The claimant, Associacion Amigos Del Los Ninos Hogar Mi Casa, (hereinafter "Mi Casa") moves for an order to compel the Government to serve answers to interrogatories and to permit the taking of videotape depositions in Guatemala pursuant to the issuance of a commission or letters rogatory. Fed.R.Civ.P. 37(a), 28(b) and 30(b)(4).

For the following reasons I recommend that the Government's motion be granted to the extent indicated and that claimant's motions be denied without prejudice:

### I. FACTUAL BACKGROUND

On September 14, 1990, the Government filed a criminal complaint against John H. Wetterer which alleged a violation of 18 U.S.C. § 1341. (CR 90–1368M). Concurrently, a warrant was issued for the arrest of Mr. Wetterer.

Thereafter, on January 22, 1991 the Government commenced the instant civil forfeiture proceeding by filing an *in rem* verified complaint. It seeks forfeiture of funds held in defendant accounts for the benefit of John H. Wetterer and/or Mi Casa. *See* 18 U.S.C. § 981. The civil forfeiture complaint alleges that the defendant accounts and funds were used or constitute the proceeds of violations of 18 U.S.C. §§ 1341, 1956, 1957, 1961, 2421, 2422 and 2423. The complaint incorporates by reference the criminal complaint filed on September 14, 1990.

Mi Casa filed a claim pursuant to Rule C(6) of the Supplemental Rules and Maritime Claims. Mi Casa's standing as a claimant pursuant to Rule C(6) was upheld

communicating with the officials of the Government of Guatemala to secure his extradition.

by the district court on April 12, 1991. Mr. Wetterer has not filed a claim or answer in the instant proceeding.

On or about February 8, 1991, claimant served "Defendants First Set of Interrogatories To Plaintiff." The Government has not served answers. Thereafter the Government served its First Set of Interrogatories upon the claimant which were timely answered.

On February 12, 1991, the grand jury returned an indictment against Wetterer and the court issued a warrant for his arrest. The indictment charged violations of 18 U.S.C. §§ 1341 and 2314. The grand jury investigation is continuing.

Mi Casa, the claimant of the defendant accounts,[2] is not a defendant in the related criminal action. Claimant is a not-for-profit corporation organized under the laws of Guatemala. The corporation is governed by a board of directors which is composed of the following members:

1) President;

2) Vice–President;

3) Secretary;

4) Treasurer; and

5) the number of members of the Board as determined by the Ordinary General Assembly.

John H. Wetterer is the President of the Board of Directors and is therefore the President of Mi Casa. In such capacity, he presides at meetings of the Board of Directors and the General Assembly of both dues paying and honorary members. Among the powers of the Board of Directors is the procurement of financial resources for the development of projects which benefit the community.

The Government's application for a stay is in response to the claimant's motions to compel answers to interrogatories and to permit the taking of videotape depositions of non-party witnesses in Guatemala. The Government contends that a stay is necessary because disclosure, specifically serving answers to interrogatories, will jeopardize or interfere with the prosecution of the related criminal action. Claimant vigorously opposes a stay.

## II. THE LAW

The relevant civil forfeiture statute, 18 U.S.C. § 981(g) provides:

[t]he filing of an indictment or information alleging a violation of law, Federal, State or local, which is also related to a forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the forfeiture proceeding.

See also 21 U.S.C. § 881(i) (statute similar in content and intent).

Although there are no reported cases analyzing 18 U.S.C. § 981(g), its counterpart, 21 U.S.C. § 881(i) has received considerable attention in recent years. See e.g., United States v. Leasehold Interests In 118 Ave. D., Apartment 2A, 754 F.Supp. 282 (E.D.N.Y.1990) and cases cited therein, In re Ramu Corp., 903 F.2d 312 (5th Cir. 1990); United States v. Banco Cafetero Intern., 608 F.Supp. 1394 (S.D.N.Y.); interlocutory app. cert., 107 F.R.D. 361 (S.D.N.Y.1985), aff'd, United States v. Banco Cafetero Panama, 797 F.2d 1154 (2d Cir.1986).

In 118 Ave. D, the court reviewing the intent of Congress stated:

[i]n enacting section 881(i), Congress anticipated that compelling discovery in the context of a civil forfeiture proceeding might force the Government to prematurely disclose information in the related criminal proceeding that it would not otherwise have to do (see S.Rep.No. 225, 98th Cong., 2d Sess., 215 reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3398–99 [section 881(i) "provides for a stay of civil forfeiture proceedings when the government has commenced a

---

**2.** An account at Sterling Bank in Texas was in the individual name, John Wetterer. In an instrument dated February 1, 1991, (see Exhibit D to Memorandum of Law in Support of Government's Motion to Strike Claim of Mi Casa), Mr. Wetterer assigned his right, title and interest in said account to Mi Casa. Mr. Wetterer stated in the instrument of assignment that the account was in his name as a convenience to assure that no account at Sterling Bank exceeded FDIC insurance coverage.

criminal case that involves issues the same as or related to those on which the forfeiture action is based. Generally, the courts have been willing to grant such stays of civil forfeiture proceedings when the government has commenced a criminal action concerning the same acts that have given rise to the forfeiture"] [footnote omitted] ).

*118 Ave. D*, 754 F.Supp. at 285–286 (bracketed language in original). Accordingly, in a determination of whether a stay under 18 U.S.C. § 981(g) should be granted, it is appropriate to apply the Congressional intent and the teachings of cases interpreting 21 U.S.C. § 881(i).

The court in *118 Ave. D* comprehensively reviewed and analyzed the holdings in the several cases which interpreted section 881(i). It concluded that a stay of a civil forfeiture proceeding was an exercise of discretion and may be granted upon findings that the criminal action is related and the establishment of "good cause".

### A. "Related To"

■ In determining whether the criminal action is related to the civil forfeiture proceeding it is not necessary that there be an identity of parties or issues in both actions. *See In re Ramu Corp.*, 903 F.2d at 319; *118 Ave. D*, 754 F.Supp. at 289; *Banco Cafetero Intern.*, 107 F.R.D. at 365.

■ The court in *In re Ramu Corp.*, in discussing the term "related to" stated:

> [i]t is clear that civil and criminal cases need not be perfectly "parallel" in order to be related, i.e., they need not involve identical parties, transactions and issues. *See United States v. Banco Cafetero Intern.*, 107 F.R.D. 361, 365 (S.D.N.Y.1985) (although cases cannot be related where "parties, issues, and relevant facts and transaction are different ... [,] identity of issues and parties between criminal and civil case may not be necessary"), *aff'd*, 797 F.2d 1154, 1163 (2d Cir.1986)

*Id.* at 319.

In defining the term "related to", there are three elements which are evaluated, i.e., parties, issues and relevant facts and activities. If a connection between all three elements are lacking, then the criminal and civil actions are not related and a stay must be denied. *See Banco Cafetero Intern.*, 107 F.R.D. at 365. On the other hand, in *118 Ave. D*, the court found a relationship because the activities which took place in the defendant's apartment also formed the basis of some of the acts alleged in the criminal indictment and that the criminal defendant was the boyfriend of and father of the claimant's child. Similarly, *United States v. A Parcel of Realty Commonly Known as 4808 South Winchester, Chicago, Il.*, No. 88–C–1312 (N.D.Ill. Oct. 7, 1988) (1988 WL 107346 WESTLAW, Federal library, DCT file) the court granted a stay of disclosure absent an identity of parties, but only upon claimant's failure to raise a question regarding the similarity of issues and relevant facts or transactions. *United States v. A Parcel of Land, Buildings, Appurtenances, and Improvements known as 92 Buena Vista Ave., Rumson N.J.*, 738 F.Supp. 854 (D.N.J.1990) (same).

A close analysis of the cases in which a stay is sought and which have addressed the "related to" issue reveals that they generally place great emphasis upon whether the allegations of activities or transactions in the *in rem* civil forfeiture complaint bear some similarity to the acts or transactions that form the basis of some of the acts alleged in the criminal indictment. Despite the fact that the court in *United States v. Premises and Real Property at 297 Hawley Street, Rochester N.Y.*, 727 F.Supp. 90 (W.D.N.Y.1990), found that the "related to" requirement was satisfied by the identity of the criminal defendant and claimant, one may infer that the allegations in the *in rem* complaint and criminal indictment were quite similar. For the purpose herein, however, to secure a stay the Government must demonstrate that the civil forfeiture proceeding and criminal action are related in accordance with the interpretation of the cases cited herein.

### B. "Good Cause"

In defining "good cause" the court in *118 Ave. D* adopted the criteria set forth in *In re Ramu Corp.*, 903 F.2d at 320, which held,

[t]he government should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient.

Additionally, the court in *118 Ave. D* declared, "[e]ven though the Government makes a specific showing of harm or prejudice, in making the ultimate determination of whether 'good cause' exists the Court should also consider and weigh the possible resultant prejudice or hardship to the claimant, if any (citations omitted)." *Id.* at 287.

The issue of prejudice or hardship to a claimant may invoke the Due Process clause of the Fifth Amendment. *Banco Cafetero Panama.*, 797 F.2d at 1162. There the court stated that the requirement to promptly file a forfeiture action but allow an indefinite postponement of the trial thereon would reduce the filing requirement to a nullity. Consequently, the *Banco* court stated that the due process requirements of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), apply. The application of such requirements become more meaningful when a lengthy stay will operate to create an economic hardship upon a claimant who may not have been aware of the violation of law. *See United States v. 316 Units of Mun. Securities in the Name of Efrain Gonzalez*, 725 F.Supp. 172 (S.D.N.Y.1989). Nevertheless, under the civil forfeiture statutes the government proceeds against the property and not the claimant. *Id.* at 177.

## III. DISCUSSION

A. The Government's application shows a sufficient relationship between the criminal indictment and civil forfeiture proceeding.

■ In the instant case, it is clear the *in rem* civil forfeiture complaint and indictment are related. Each document contains similar allegations with regard to the activities and acts of John H. Wetterer which formed the basis of obtaining money and property by means of false and fraudulent pretenses or representations and that Wet-

terer obtained such monies and properties through contributions solicited through the United States mail. As a result, the trial of the indictment and trial of the civil forfeiture proceeding will involve resolution of many similar issues of fact.

Moreover, a close association between the parties to each action exists. John Wetterer, the defendant in the criminal action, is President of the Board of Directors and President of Mi Casa, the claimant in this civil forfeiture proceeding. It is not required that the parties in each action be identical or that the claimant in the civil forfeiture proceeding be a defendant in the criminal action. *Banco Cafetero Intern.*, 107 F.R.D. at 365. The considerations supporting a stay, wherein a issue of whether claimant is "related to" the criminal defendant, remain the same where claimant is associated with the criminal defendant. *See e.g. 118 Ave. D.*, 754 F.Supp. at 289; *4808 South Winchester*, 1988 WL 107346. Accordingly, the Government has demonstrated for the purposes of supporting the within application for a stay that the criminal indictment of John H. Wetterer is sufficiently related to this civil forfeiture proceeding.

B. The Government has demonstrated that the claimant's discovery requests may impede the continuing grand jury investigation and prosecution of the criminal indictment.

In support of the application for a stay, the Government submitted the declaration of AUSA Ruth A. Nordenbrook, Senior Litigation Counsel in the Eastern District of New York. In that capacity Ms. Nordenbrook is responsible for the criminal prosecution of Mr. Wetterer. Ms. Nordenbrook declared that:

I have reviewed Defendants [sic] (bracketed language in original) First Set of Interrogatories to Plaintiff dated February 8, 1991, propounded by Jeffrey Waller, Esq. Based on this review, it is my belief that continuing the civil forfeiture proceeding and responding to civil discovery requests will jeopardize the related criminal action, ongoing grand jury proceedings and the extradition of John

Wetterer. In particular the claimant Associacion, of which Wetterer is the President and Director, is seeking discovery regarding the circumstances that lead [sic] to the indictment of John Wetterer, the existence and details of grand jury proceedings including the identification of potential grand jury targets, information about cooperating witnesses and their testimony, and the victims of alleged sexual abuse by John Wetterer, which includes confidential informants.

*Notice of Motion, dated April 18, 1990, Nordenbrook Declaration* at ¶ 6.

A review of claimants First Set of Interrogatories to Plaintiff, (*Exhibit A* to the Declaration of Gary Brown in Support of the Motion to Stay), reveals 108 interrogatories, with subparts. Most interrogatories seek answers or disclosure of evidence that will be presented or become available at the trial of the indictment.

The Government's application is therefore not speculative or based upon conclusory allegations or statements. To be sure, the application herein was not served until after claimant served its motion to compel answers to the interrogatories. Ms. Nordenbrook's Declaration focuses on areas of the interrogatories which would jeopardize not only the related criminal trial, but also the continuing grand jury investigation, the revelation of cooperating witnesses and identity of informants. *118 Ave. D.*, 754 F.Supp. at 288. Under such circumstances I find that the Government has made the necessary particularized showing of the potential harm or prejudice to the criminal trial and continuing grand jury investigation.

 C. The claimant will suffer limited hardship or prejudice by the issuance of a stay.

At oral argument the claimant maintained that the granting of stay would prejudice it in two areas. First, claimant argues that because it provided responses to the Government's First Set of Interrogatories, the Government should respond in kind. In effect, claimant contends it is unfair to prohibit reciprocal discovery.

A stay only delays further activity in the proceeding. Thus, discovery will continue upon the expiration or termination of the stay. In this case, as in *118 Ave. D*, the witnesses memories will not fade and a memory lapse could inure to claimant's benefit. *Id.* at 289. Documentary exhibits will be preserved and remain available. Moreover, claimant has not alleged that any of its witnesses will not be available in the future.

Claimant's second argument that its accounts or funds will be unavailable if an indefinite stay is granted is more persuasive. Claimant invokes the Due Process Clause of the Fifth Amendment. *See Banco*, 797 F.2d at 1162.

In *Banco*, the court expressly applied the four factor test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, (1972), to the holding of the forfeiture trial. The court stated that:

[u]nder the *Barker* test, which we think applies to the holding of the forfeiture trial as well as to the filing of the action, there is a due process violation at some point. Of course, the District Court need not delay the holding of a forfeiture trial for a maximum period allowed by due process. In any event, we need not determine on this appeal at what point a due process violation occurs. We leave to the District Court the task of conducting a forfeiture trial within a reasonable time, in accordance with the *Barker* factors, to provide appellants with due process of law.

*Banco*, 797 F.2d at 1163.

The four-factor test of *Barker* examined the length of delay, the reason for the delay, the claimant's assertion of its right to a prompt trial and prejudice to a claimant.

The Government has stated that the defendant in the criminal action has not been arrested. United States officials continue to negotiate with the Government of Guatemala to secure the extradition of Mr. Wetterer. At this time it is unclear when the negotiations will be successful. Thereafter, assuming the extradition of Mr. Wetterer, there would be a further delay in the

trial of the civil forfeiture proceeding until the termination of the trial of the indictment. Under such circumstances it can not be predicted when the civil forfeiture proceeding will continue if an indefinite stay is granted.

It is also beyond doubt that claimant will be prejudiced because it will not have the use and benefit of the funds and accounts which were seized if a stay is granted. The prejudice or hardship will continue to increase in accordance with the length of the stay. Such hardship is diminished by claimant's concession at oral argument that it has other funds or accounts which have not been seized and which may be used to support the operation of Mi Casa.

The Government, recognizes that a shorter stay may be required herein. *See Plaintiff's Memorandum of Law in Support of Its Motion to Stay All Proceedings.* It therefore has requested, in the alternative, a stay of the civil forfeiture proceeding for a period of six months with the right to apply for a renewal thereof. Although the claimant has demonstrated that it will be prejudiced, it is my recommendation nonetheless that the Government will suffer the greater harm and prejudice in the absence of some stay. Furthermore, the granting of a short stay will not damage claimant in the operation of Mi Casa in light of the availability of other funds which were not seized.

### IV. CONCLUSION

Accordingly the Government has demonstrated that the civil forfeiture proceeding is related to the indictment and that good cause exists to stay the proceeding for a period of six months. *See* 18 U.S.C. § 981(g). The Government shall have the right to apply for a renewal of such stay upon an appropriate demonstration of good cause.

The claimant's motions pursuant to Rules 37(a) and 28(b) of the Federal Rules of Civil Procedure are denied without prejudice to a renewal thereof upon the expiration of the stay of the civil forfeiture proceeding or the conclusion of the trial of the criminal indictment, whichever occurs sooner.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam).