**UNITED STATES of America, Plaintiff,**

v.

**SWISSCO PROPERTIES WITHIN THE SOUTHERN DISTRICT OF FLORIDA, together with all appurtenances thereto and all improvements, and all furnishings, personalty and legal rights therein or associated therewith, Defendants.**

No. 92–0788–CIV.

United States District Court, S.D. Florida.

April 2, 1993.

Robert Josefsberg, Mary Brennan, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, Thomas Scott, Steel, Hector & Davis, Miami, FL, Michael J. Echevarria, Tampa, FL, Sharon Kegerreis, Michael Pasano, Zuckerman, Spaeder, Taylor & Evans, P.A., Barry R. Davidson, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, FL, for defendants.

Madeleine R. Shirley, Ana T. Barnett, Lynn M. Summers, Asst. U.S. Attys., Miami, FL, for plaintiff.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADDITIONAL MOTION FOR STAY OF CIVIL DISCOVERY

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Additional Motion for Stay of Civil Discovery, filed March 2, 1993; and Claimant Swissco Properties' Motion to Compel Responses to Interrogatories and Production of Documents, filed March 2, 1993.

### BACKGROUND

On April 3, 1992, the United States filed complaints in forfeiture against various properties, including real property, personalty and other property, located in the Southern District of Florida and in the Middle District of Florida.[1] The government contends that the properties are subject to forfeiture pursuant to 18 U.S.C. §§ 1956 and 1957, based upon predicate violations of Section 11 of the Export Administration Act of 1979, 50 U.S.C.App. § 2401 et seq., and Section 38(c) of the Arms Export Control Act, 22 U.S.C. § 2778. The civil actions were filed in advance of the conclusion of a parallel criminal investigation because the sale or transfer of the property was allegedly already underway.

Upon the filing of the Complaint, lis pendens were filed and sent for recording in the public records of Dade County and Broward County, Florida. In addition, the Clerk of the Court issued Warrants of Arrest in Rem for the defendant real properties, but these warrants were not immediately served on the real properties. Instead, on April 6, 1992, the Court appointed Stanley G. Tate as a federal equity receiver pursuant to *Fed. R.Civ.P.* 66. The receiver immediately assumed his duties and, in cooperation with Swissco Properties, served the Complaint and the Warrants of Arrest in Rem on the defendant properties.

On August 7, 1992, the United States filed a Motion to Stay Civil Discovery. In this motion, the government asked the Court to stay all civil discovery until February 1, 1993, a period of seven months, so that the United States could conclude its parallel criminal investigation of Carlos Cardoen.[2] On February 24, 1993, the Court denied the United States' Motion to Stay Civil Discovery as moot. In effect, the United States received the full benefit of the motion to stay civil discovery because seven months elapsed during the pendency of the motion without any civil discovery.

---

**1.** The forfeiture case in the Middle District of Florida, which bears Case No. 92–302–CIV–ORL–19, was transferred to the Southern District of Florida on September 15, 1992. That case will soon be consolidated with Case No. 92–0788–CIV–HIGHSMITH.

**2.** The criminal allegations under investigation by the United States include the following:
(1) whether items capable of being key components in the manufacture of cluster bombs and other munitions were illegally exported from the United States to Chile without the required export licenses or on the basis of false statements in the licensing applications, in violation of United States export laws;
(2) whether the violations intended to and did procure these items for the use of Cardoen or others without the required export licenses to perform on a series of munitions-related contracts with various agencies of the government of Iraq; and
(3) whether funds from payments on these contracts were then illegally transferred by Cardoen back to the United States through an intricate structure of interconnecting entities in a manner designed to disguise the source, ownership and control of the funds, in violation of United States money laundering laws. (D.E. # 114, at pp. 8–9).
The United States alleges that Swissco Properties is a Florida general partnership formed by Cardoen to acquire and hold ownership in real estate. In so doing, the United States alleges that Swissco Properties was involved in the money-laundering activities of Cardoen.

On March 2, 1993, the United States filed a second motion for stay of civil discovery. In this motion, the United States asked the Court to stay all civil discovery until June 1, 1993. The government stated that additional evidence had come to the attention of the United States Attorney's Office on February 12, 1993, which raised significant evidentiary issues requiring further investigation prior to any final charging decisions in the criminal investigation. The Court held a hearing on the United States' motion to stay civil discovery on March 29 and March 31, 1993.

## DISCUSSION

### A. Application of Rule 26(c) of the Federal Rules of Civil Procedure

The United States argues that all civil discovery in this forfeiture case should be stayed under Rule 26(c) of the Federal Rules of Civil Procedure.[3] In pertinent part, Rule 26(c) states:

> **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Fed.R.Civ.P. 26(c).

Rule 26(c) does not expressly provide for stays of civil discovery in parallel civil cases, but federal courts have often issued orders staying civil discovery because of related criminal investigations even when no indictment or information has been filed. Charles A. Wright & Arthur R. Miller, 8 *Federal Practice & Procedure* § 2040 at pp. 291–95 (1970). *See also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962) (Noting that a litigant should not be allowed to make use of

liberal civil discovery procedures to dodge restrictions on criminal discovery.).

Traditionally, however, courts have only allowed stays of civil discovery where the defendant in a criminal action is personally seeking to take advantage of the more liberal civil discovery procedures to aid himself in the criminal trial. *United States v. One 1967 Ford Galaxie*, 49 F.R.D. 295, 297 (S.D.N.Y. 1969). (United States filed criminal charges against a defendant and forfeited automobile, but the court denied the government's motion for stay of civil discovery because the claimant in the civil action was the wife of the defendant, not the criminal defendant.). In fact, courts will often deny motions for stay of civil discovery where the party bringing the action is the same party that seeks to stay discovery. *Federal Deposit Insurance Co. v. Fireman's Fund Ins. Co.*, 271 F.Supp. 689 (S.D.Fla.1967).

After an extensive examination of the case law, this Court located only two cases in which a federal court, in the context of a forfeiture case, has considered a pre-indictment motion for stay of civil discovery under Rule 26(c). *See United States v. One Parcel of Real Estate Located at 12525 Palm Rd.*, 731 F.Supp. 1057 (S.D.Fla.1990); *United States v. Banco Cafetero Intern.*, 107 F.R.D. 361 (S.D.N.Y.1985). In each of these cases, the court failed to cite any relevant caselaw supporting the proposition that Rule 26(c) allows a court to grant a pre-indictment stay of civil discovery in a forfeiture proceeding against a claimant, rather than against the person under criminal investigation. Although the Court is troubled by this judicial extension of the plain language of Rule 26(c), the Court will assume, for purposes of analysis, that Rule 26(c) allows a court to grant a pre-indictment motion to stay civil discovery in a forfeiture case.

### B. Standard of Review Under Rule 26(c)

▇ The United States must demonstrate "good cause" for a stay of civil discov-

---

**3.** The United States does not argue that it is entitled to a stay under 21 U.S.C. § 881(i), which by its plain terms requires the issuance of an indictment as a condition precedent to the entry of a stay of civil discovery. This court has previously concluded that the "spirit" of Section

881(i) does not allow the court to grant a stay prior to the government's filing of an indictment. *United States v. One Parcel of Real Estate at 12525 Palm Road,* 731 F.Supp. 1057 (S.D.Fla. 1990).

ery to be entered under Rule 26(c). *Banco Cafetero*, 107 F.R.D. at 365. Clearly, good cause must include a stringent showing on the part of the government that a stay is warranted. *United States of America v. One Parcel of Real Estate at 1303 Whitehead St.*, 729 F.Supp. 98, 99 (S.D.Fla.1990). "To stay forfeiture proceedings indefinitely, on sketchy allegations, would violate, at least, fair play, and at most, due process. Moreover, a large number of claimants are affected by forfeiture stays." *Id.* at 99–100.

■ The standard to be applied in the determination of good cause is far from settled. In *One Parcel at 12525 Palm Rd.*, the district court held that the standard to be applied in the determination of good cause under Rule 26(c) is the same standard used under 21 U.S.C. § 881(i). *One Parcel at 12525 Palm Rd.*, 731 F.Supp. at 1060. Under 21 U.S.C. § 881(i), the government must show good cause in the same form as it would demonstrate in a motion for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. *One Parcel at 1303 Whitehead St.*, 729 F.Supp. at 99. Specifically, the government must demonstrate that: (1) a substantial likelihood exists that it will prevail on the merits; (2) a substantial threat exists that it will suffer irreparable injury if the stay is not granted; (3) the threatened injury to the government outweighs the threatened harm the stay may do to the claimant; and (4) granting the stay will not disserve the public interest. *Id.* at 99 (citing *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974)).

### C. Analysis

■ After a thorough examination of the affidavits submitted by the United States and Swissco, and a review of the testimony and arguments of counsel presented at the hearing on the motion to stay civil discovery, the Court concludes that the government has failed to demonstrate a substantial likelihood that it will prevail on the merits. In support of the motion for stay of civil discovery, the United States presented the affidavit of Special Agent Michael E. McCage. The Court, however, finds that several paragraphs of McCage's affidavit are both conclusory and

not credible. (McCage Affidavit, ¶¶ 23, 24, 26). At the same time, the Court finds that the affidavit of Lawrence S. Plave, a financial consultant, presented by Swissco in opposition to the government's motion to stay civil discovery, is highly credible and compelling. In fact, the examination of money tracing in Plave's affidavit casts serious doubts on the government's primary theory of money laundering. Consequently, the Court concludes that at this time, the government has not demonstrated a substantial likelihood of prevailing on the merits.

The Court also concludes that the government has not demonstrated a substantial threat of irreparable injury or that the threatened harm to the government outweighs the threatened harm the stay may do to the claimants. The Court does note, however, that the United States demonstrated that there is a substantial threat of harm to confidential informants working for the government. Therefore, in fashioning a remedy in this matter, the Court will limit civil discovery as it relates to any confidential informers or case agents involved in this case.

Finally, the Court concludes that the public interest is best served if the Court can conduct a trial and reach the merits of this matter as quickly as possible. Quite simply, justice delayed is justice denied.

### CONCLUSION

It is hereby

ORDERED AND ADJUDGED that:

(1) The United States' Motion for Stay of Civil Discovery is GRANTED IN PART AND DENIED IN PART. The United States is required to respond to all outstanding discovery requests of Swissco Properties within ten (10) days of the date of this Order. The United States is not required, however, to disclose the identity or address of any as yet unidentified informants or case agents. As soon as an indictment is filed or a decision is made not to file an indictment, but not later than June 1, 1993, the United States shall have ten days to supply Swissco with the names and addresses of all informants and case agents. The United States may,

however, file a motion for a protective order at that time.

(2) Swissco Properties' Motion to Compel is DENIED AS MOOT.

DONE AND ORDERED.