UNITED STATES of America, Plaintiff,

v.

ONE SINGLE FAMILY RESIDENCE LOCATED AT 2820 TAFT STREET, HOLLYWOOD, FLORIDA, Defendant.

No. 88–6926–CIV–JAG.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

April 27, 1989.

---

**1352**

Jeanne Mullenhoff, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Robert P. Keeley, Ellis, Spencer, Butler and Kisslan, Hollywood, Fla., for claimant Hollywood Federal Sav. and Loan Ass'n.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion to stay forfeiture action filed by the government. The claimant, Hollywood Federal Savings and Loan Association, has filed an opposing memorandum.

■ This is an action for the civil forfeiture of real property filed pursuant to 21 U.S.C. § 881. The government requests a stay be entered in this action. Section 881(i) of Title 21, U.S.Code, provides for a stay of a civil forfeiture with the "filing of an indictment or information alleging [an illegal drug crime] . . . upon motion of the United States and for good cause shown."

As evident from the statute, the government must only demonstrate "good cause" to obtain the relief requested. The plaintiff alleges that an indictment has been filed against Salvatore Rina, the alleged owner of the property, for crimes involving the distribution and conspiracy to distribute cocaine. The government represents that "civil discovery would substantially interfere with and prejudice the prosecution of the criminal action . . . [because] [c]ivil discovery is substantially more comprehensive and wide-reaching than is criminal discovery."

■ The claimant objects to an entry of a stay in this case. The first objection is that the government cannot obtain a stay merely because a related criminal action was filed. Specifically, the bank attacks the government's stated reason as an insufficient showing of "good cause" and suggests an appropriate order limiting discovery.

While the bank has a compelling argument, Congress has provided otherwise. There can be little doubt that the bank's position is rooted in fairness as it was the United States which initiated this civil action and the stay will prejudice the claimant in the timely recovery of its principal and interest. However, section 881(i) is clear that a mere showing of "good cause" will suffice. The government is correct in asserting that the scope of civil discovery could interfere with the criminal prosecution. Therefore, the United States has met its burden.

■ The bank also argues that an excessive lapse of time between the seizure and the filing of a forfeiture action or the prosecution thereof *may* bar the forfeiture. While this may constitute an affirmative defense or a basis for dismissal when the government unduly delays its civil action to prosecute a criminal case, it is not a ground for denying the present motion.

Finally, the bank states that it is planning to file an imminent motion pursuant to Federal Rule of Civil Procedure 56 on the constitutionality of the forfeiture statute. To avoid a meritless position which could give rise to a Rule 11 situation, the claimant is DIRECTED to consider this court's

opinion in the case of *United States v. Certain Real Property Known as Gulfstream West*, 710 F.Supp. 792 (S.D.Fla. 1989).

ORDERED AND ADJUDGED that the government's motion for the entry of a stay is GRANTED. This action including all discovery is hereby STAYED. The government is hereby DIRECTED to file status reports at three month intervals from the date of this order detailing the progress of the related, criminal proceeding.

The scheduling conference set for hearing on April 28, 1989 is hereby CONTINUED to be reset by further order of the court.

The Clerk of the Court is hereby DIRECTED to close this case for administrative purposes only.

DONE AND ORDERED.