UNITED STATES of America, Plaintiff,

v.

The PREMISES AND REAL PROPER-
TY AT 297 HAWLEY STREET,
ROCHESTER, NEW YORK, Defendant.

No. CIV–89–1029T.

United States District Court,
W.D. New York.

Jan. 4, 1990.

U.S. Atty's. Office (Louis J. Gicale, Jr., Asst. U.S. Atty., of counsel), Rochester, N.Y., for plaintiff.

County of Monroe (Deputy County Atty. Charles J. Genese, of counsel), Rochester, N.Y., for claimant W.B. Richardson, Dir. of Dept. of Social Services.

Nixon, Hargrave, Devans & Doyle (Andrea K. Thomas, of counsel), Rochester, N.Y., for claimant Rochester Gas & Elec.

Reyes & Regan, P.C. (Michael J. Regan, of counsel), Rochester, N.Y., for claimant R. Sturgis.

DECISION AND ORDER

TELESCA, Chief Judge.

Plaintiff United States commenced this action for civil forfeiture against the premises and real property at 297 Hawley Street under 21 U.S.C. § 881. The Government now moves for a stay of this forfeiture action pursuant to 21 U.S.C. § 881(i) until the disposition of related criminal matters pending against claimant Roberta Sturgis, or for a protective order pursuant to Fed.R. Civ.P. 26(c)(1) directing that discovery not be had until disposition of the related criminal matters. For the reasons discussed below, the Government's motion for a stay is granted.

Section 881(i) governs stays of civil forfeiture proceedings, and provides in pertinent part that:

> [t]he filing of an indictment or information alleging a violation of this subchapter or subchapter II of this chapter, ... which is also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding.

Under this provision, the Court must determine whether there has been an indictment filed which is "related to" this case, and if so, whether the Government has shown "good cause" to stay discovery in this proceeding pending the resolution of the criminal matter. *United States v. A Parcel Of*

*Realty Commonly Known As 4808 South Winchester, Chicago, Ill.,* No. 88–C–1312 (N.D.Ill. Oct. 7, 1988), (1988 WL 107346). The United States contends, and the claimants apparently do not dispute, that Roberta Sturgis is both a claimant to the property at 297 Hawley Street and a criminal defendant in *United States v. Roberta Sturgis et. al.,* Crim. No. 89–53T, which is currently pending before this Court. Therefore, at least with respect to Ms. Sturgis, the criminal action is related to this civil forfeiture proceeding as contemplated under the statute.

■ The only remaining question is therefore whether the Government has shown "good cause" to institute a stay of the civil proceedings. The Government's argues initially that a stay is necessary to prevent its discovery demands from being frustrated by the claimant's potential invocation of her Fifth Amendment privilege against self-incrimination. Such reasoning, however, relies on the unfounded assumption that the right against self-incrimination applies only to the Government's underlying criminal action and is not otherwise available to the civil forfeiture claimant here. The Supreme Court has extended the Fifth Amendment privilege to forfeiture proceedings similar to those instituted under § 881 which, though perhaps civil in form, are, in effect, quasi-criminal in nature because they impose sanctions "only upon those who are significantly involved in a criminal enterprise," *United States v. U.S. Coin & Currency,* 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044–45, 28 L.Ed.2d 434 (1971); *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *see also United States v. U.S. Currency,* 626 F.2d 11, 15 (6th Cir.1980), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290. As the Court has noted:

> From the relevant constitutional standpoint there is no difference between a man who "forfeits" ... [money] because he has used ... [it] in illegal ... activities and a man who pays a "criminal fine" ... as a result of the same course of conduct. In both instances, money liability is predicated upon a finding of the owner's wrongful conduct; in both

cases the Fifth Amendment applies with equal force.

*United States Coin & Currency,* 401 U.S. at 718, 91 S.Ct. at 1043.

■ The Government also argues, however, that a stay is necessary to protect its criminal case from the potentially broad civil discovery demands by Roberta Sturgis. I find that this reason sufficiently satisfies the "good cause" requirement necessary to justify a stay. A civil suit brought prior to, or in conjunction with a related criminal proceeding "provide[s] improper opportunities for the claimant to discover the details of ... [the] pending criminal prosecution." *United States v. $8,850,* 461 U.S. 555, 567, 103 S.Ct. 2005, 2013, 76 L.Ed.2d 143 (1983), *cf.* Fed.R. Civ.P. 26(b), Fed.R.Crim.P. 16. One of the principal motivations behind the Congressional enactment of § 881(i), therefore, was to prevent a criminal defendant in such a situation from employing the expansive scope of civil discovery as a means of circumventing the limitations imposed upon discovery in criminal cases. *See* S.Rep. No. 225, 98th Cong., 2d Sess. Sec. I, *reprinted* in 1984 U.S.Code Cong. & Ad.News at 3182, 3398–99. By requiring the institution of a stay with the filing of an indictment and a showing of "good cause," Congress intended "to protect the Government from being forced to disclose its criminal case to a defendant prematurely." *United States v. $152,160 United States Currency,* 680 F.Supp. 354, 356 (D.Colo.1988). Disclosure in the forfeiture case here could potentially compromise the identity of confidential informants' secret Grand Jury material, confidential law enforcement information, as well as the identities of one or more witnesses not currently required to be disclosed. The fact that the claimant is willing to agree to a protective order limiting discovery of some of these materials does not materially alter this analysis. *See United States v. One Single Family Residence Located at 2820 Taft St.,* 710 F.Supp. 1351, 1352 (S.D.Fla.1989). It is noteworthy in this regard that although the proposed protective order would preclude the claimants' access to the identities of

**92**

confidential informants, it would not otherwise limit the scope of their civil discovery. Accordingly, the Government's motion for a stay is hereby granted.

ALL OF THE ABOVE IS SO ORDERED.