UNITED STATES of America, Plaintiff,

v.

**ONE PARCEL OF REAL ESTATE AT 1303 WHITEHEAD STREET, KEY WEST, FLORIDA, together with all appurtenances thereto and all improvements thereon, Defendant.**

No. 89–10038–CIV.

United States District Court,
S.D. Florida.

Jan. 5, 1990.

U.S. Atty. Stephen R. Peter, Miami, Fla., for plaintiff.

Joseph Galletti, Key West, Fla., for defendant.

## ORDER SCHEDULING EVIDENTIARY HEARING ON PLAINTIFF'S MOTION FOR STAY OF CIVIL FORFEITURE PROCEEDINGS

JAMES LAWRENCE KING, Chief Judge.

Plaintiff United States of America moves the court for a stay of the above-styled civil forfeiture action pursuant to 21 U.S.C. section 881(i).

> Title 21 U.S.C. § 881(i) provides that [t]he filing of an indictment or information alleging a violation of this subchapter or subchapter II of this chapter, or a violation of State or local law that could have been charged under this subchapter or subchapter II of this chapter which is also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding.

Thus, the Government must establish, under the statute, three things before this court may grant a stay of the above-captioned proceedings: One, an indictment under a violation of this subchapter or subchapter II, or an indictment under state or local law that could have been charged under this subchapter or subchapter II; two, that is "related to" the instant action, and; three, good cause for the stay.

In this action, the Government has arguably shown a proper indictment related to the forfeiture sought here. Good cause for the stay, however, has not been satisfied.

The Government contends that a claimant's possible abuse of civil discovery to benefit himself as criminal defendant constitutes good cause. The Government advanced this contention in other courts with varied results. *See United States v. A Parcel of Realty Commonly Known as 4808 South Winchester,* No. 88-C-1312, 1988 WL 107346 (N.D.Ill. Oct. 11, 1988) (possible abuse of civil discovery is good cause); *United States v. All Monies and Other Property of Banco Cafetero International,* 107 F.R.D. 361 (S.D.N.Y.1985) (not good cause). In *United States v. All Monies,* the court found that the Government's conclusory allegations of prejudice were "insufficient to warrant a stay of the civil forfeiture actions." *Id.* at 366, *citing United States v. Thirteen (13) Machine Guns and One (1) Silencer,* 689 F.2d 861, 864 (9th Cir.1982). Thus, no definitive precedent exists which establishes what the Government must show to satisfy "good cause" within the meaning of 21 U.S.C. section 881(i). This court does not dispute that civil discovery might well jeopardize aspects of a criminal case. But good cause, in the court's eyes, must involve a more serious dilemma on the part of the Government than alleged possible discovery abuse.

Good cause must include a stringent showing on the part of the Government that a stay is warranted. That conclusion rests on several important considerations. First, as noted above, civil forfeiture represents a serious procedure whereby a person must relinquish her right to certain property. To stay forfeiture proceedings indefinitely, on sketchy allegations, would violate, at least, fair play, *see United States v. All Monies and Other Property of Banco Cafetero International,* 107 F.R.D. 361, 366 (S.D.N.Y.1985), and, at most, due process. *See U.S. v. Eight Thousand Eight Hundred and Fifty Dollars,* 461 U.S. 555, 560–61, 566, 103 S.Ct. 2005, 2009–10, 2013, 76 L.Ed.2d 143 (1983) (circumstances of eighteen-month delay did not violate due process; unjustified indefinite delay's effect on due process undecided); *U.S. v. Thirteen (13) Machine Guns and One (1) Silencer,* 689 F.2d 861, 863 (9th Cir.1982) (extended delay in institution of forfeiture proceedings without justification violates due process). Moreover, a large number of claimants are affected by

forfeiture stays[1]; in this court, the Government often seeks stays of civil forfeiture proceedings for indefinite periods of time. Second, to file actions and then routinely obtain stays of those actions congests the court system and prevents it from expeditiously and effectively dispensing justice. Each judge may face tens of forfeiture cases which exist in a permanent state of limbo.

Thus, a stay presents a compelling case for cautious judicial action analogous to that presented by a preliminary injunction. In both situations, the court is asked to exercise its power to effect results similar to those obtained after a full adjudicatory process; Both cases call for full-blown judicial intervention at a premature stage in the development of the case. Accordingly, the court concludes that the Government must show good cause for a stay in the same form that a party must show justification for a preliminary injunction. That is, the Government must demonstrate to the court, at a hearing, that there is: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreperable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the [stay] may do to [claimant], and (4) that granting the [stay] will not disserve the public interest." *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974), *reaffirmed by, Tally–Ho, Inc. v. Coast Community College District*, 889 F.2d 1018 (11th Cir.1989). Such a showing will ·avoid the hazards of unjustified indefinite delay, ensure that claimants receive due process of law, and generally assure the court of the propriety of a stay.

Moreover, nothing in the Supreme Court's decision in *United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), is to the contrary. The Court there decided that the delay in instituting civil forfeiture proceedings under the circumstances in that case, when a criminal action was pending, did not rise to the level of a due process violation. *U.S. v. Eight Thousand Eight Hundred and Fifty Dollars*, 461 U.S. 555, 560–61, 103 S.Ct. 2005, 2009–10, 76 L.Ed.2d 143 (1983). The Court outlined four fact-dependent factors to consider when adjudging whether a delay has violated due process. *See id.* at 565–70, 103 S.Ct. at 2012–15. Justification for the delay lay in specific enumerated evidence cited and considered by the Court. *See id.* Here, the court decides that to obtain a statutorily-provided stay of an instituted forfeiture action, the Government must substantiate its allegations of good cause. In the absence of Congressional construction of "good cause," the court must exercise its discretion as to what constitutes good cause to stay actions properly before it. To exercise that discretion, the court should have the benefit of a hearing wherein the Government must make a compelling showing that a stay is necessary. The standard for a preliminary injunction provides a helpful framework for that hearing.

Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that the parties will appear in this court for an evidentiary hearing to determine whether a stay of the instant proceedings is warranted.

DONE and ORDERED.

---

1. By its estimate, the United States Attorney's Office filed three hundred fifty (350) forfeiture cases in the Southern District of Florida in calendar year 1989. The value of assets that were forfeited to the United States after judgment in the Southern District of Florida totaled $57,175,528.00 in fiscal year 1989.