UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 5137/5139 CENTRAL AVENUE, CHARLOTTE, NORTH CAROLINA (DEED BOOK 4082, PAGE 224, MECKLENBURG COUNTY PUBLIC REGISTRY), Defendant.

No. C–C–91–0108–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 2, 1991.

Frank D. Whitney, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

E. Fitzgerald Parnell, Weinstein & Sturges, P.A., Hamlin L. Wade, James H. Pulliam, Horack Talley Pharr & Lowndes, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on a Memorandum and Recommendation, entered 5 September 1991, by United States Magistrate Judge Paul B. Taylor.

## FACTUAL AND PROCEDURAL BACKGROUND

Magistrate Judge Taylor entered the above-noted Memorandum and Recommendation in response to the Motion of the Government, filed 6 August 1991, for Stay of Proceedings. On 28 August 1991, the Claimants filed a brief opposing the stay of these proceedings. Subsequently, on 12 September 1991, the Claimants filed timely objections to the Memorandum and Recommendation of Magistrate Judge Taylor.

On 5 April 1991, the United States filed a thirty-six count Bill of Indictment charging numerous individuals with a variety of drug-related violations of federal law. This group, known as the Duncan organization, operated a far-reaching and lucrative cocaine-distribution network in Charlotte, North Carolina. The Government contends that Terry Bernard Duncan, and others, managed this organization from the property at issue in this forfeiture action. The Government further contends that the individual claimant, Gary H. Watts, purchased cocaine from the Duncan organization and helped launder the profits of that organization. As such, on 10 April 1991, the United States filed a Complaint for Forfeiture *In Rem* against property owned by the claimants and rented by the Duncan organization.

## DISCUSSION

Title 21, United States Code, section 881(i) provides in relevant part:

(i) Stay of civil forfeiture proceedings

The filing of an indictment or information alleging a violation of this subchapter or subchapter II of this chapter, or a violation of State or local law that could have been charged under this chapter, which is also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding.

21 U.S.C. § 881(i) (emphasis added). It is upon this statute that the Government bases its Motion for Stay of Proceedings. The Claimants do not dispute that the Duncan Indictment has been filed and that it "may relate to the subject property the Government seeks to have forfeited to it." Brief of Claimants at 2. However, the Claimants do assert that the Government cannot demonstrate "good cause" for a stay of these proceedings.

■ "There is thus far, 'no definitive precedent ... which establishes what the Government must show to satisfy "good cause" within the meaning of 21 U.S.C. section 881(i)' ". *United States v. $151,- 388.00 United States Currency, et al.,* 751 F.Supp. 547, 550 (E.D.N.C.1990) (quoting *United States v. One Parcel of Real Estate at 1303 Whitehead Street,* 729 F.Supp. 98, 99 (S.D.Fla.1990)). As Judge Dupree noted in *$151,388.00,* courts have not agreed as to the meaning of "good cause." The courts that have considered the question have adopted widely divergent tests. *See e.g., United States v. Premises and Real Property at 297 Hawley Street, etc.,* 727 F.Supp. 90 (W.D.N.Y.1990) (merely guarding criminal case from civil discovery is grounds for stay); *1303 Whitehead Street,* 729 F.Supp. at 100 (to obtain stay, Government must make same showing as

would be necessary to obtain preliminary injunction). In *$151,388.00*, Judge Dupree adopted the test first set out in *1303 Whitehead Street* and later approved by the Fifth Circuit Court of Appeals. *See United States v. 6600 North Mesa, El Paso, Texas*, 903 F.2d 312, 320 (5th Cir.1990). As set forth in *$151,388.00*, that test requires that the Government demonstrate:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the [stay] is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the [stay] may do to [claimant], and (4) that granting the [stay] will not disserve the public interest.

*$151,388.00*, 751 F.Supp. at 550. Further, a stay must not be ordered unless "accompanied by specific findings of fact and determinations that the government will suffer specific forms of prejudice." *6600 North Mesa*, 903 F.2d at 320.

This Court has considered carefully the competing interests at stake upon a motion by the Government for a stay of forfeiture proceedings. These interests include the claimant's possession and use of the subject property and the Government's interest in maintaining the integrity of related criminal investigations. Having considered these interests, the Court finds that the test adopted by Judge Dupree in *$151,388.00* balances most fairly these competing interests.

### APPLICATION OF THE TEST

■ In its verified Complaint for Forfeiture *In Rem*, the Government has set forth detailed facts, which if proven, would support forfeiture of the subject property. The Court finds the Government's Complaint to be internally consistent and credible. As such, the Government has demonstrated a likelihood of success on the merits.

In support of its Motion for Stay of Proceedings, the United States asserts:

> Stay of the civil forfeiture is necessary at this time to protect the pending criminal proceeding and a related ongoing criminal investigation which is also relevant to this civil forfeiture. Civil discovery pursuant to this civil forfeiture may disclose the sources of documents and/or the names of confidential informants and cooperating defendants.

Motion of the Government at 1. The Government has the right, even the responsibility in appropriate circumstances, to guard the identity of informants and others cooperating with the Government. Once this shield of secrecy has been pierced, it is beyond the Court's power to repair the violation. If the identity of these cooperating individuals became public knowledge, it is plain the Government's case in C–CR–91–49–P would be seriously jeopardized. Given this reality, the Court finds that the United States has demonstrated that it will be irreparably injured should the stay be lifted.

This threatened injury to the United States outweighs the threatened injury to the Claimants if the stay is not lifted. The first trial of members of the Duncan organization is set to begin on 7 October 1991. A second trial of Duncan organization members will begin near the end of October 1991. As such, the stay in this matter will be in place only a matter of weeks. Accordingly, any harm caused the Claimants by the stay will be of short duration. Further, if forfeiture should prove improper, the subject property will be restored to the Claimants. In contrast, should the identity of cooperating individuals be revealed, the damage to the Government—and to the individuals—would be permanent and irreparable.

Finally, the Court finds that the granting of a stay in this instance will not disserve the public interest. As Judge Dupree noted in *$151,388.00*, confidential informants play a central role in the investigation and prosecution of criminals. Very often, assurances of confidentiality by the Government are necessary to secure the cooperation of these individuals. To routinely allow the identity of such individuals to be determined through civil discovery would make it impossible for the Government to offer such assurances. It is, then, in the public interest to protect the ability of the Government to conceal the identity of confidential informants and other cooperating individuals.

## CONCLUSION

The Government here has demonstrated that a stay of these forefeiture proceedings is necessary to preserve the integrity of a related criminal investigation. Because the Government has thus shown good cause for such a stay, the Court will grant the Motion of the United States for Stay of Proceedings.

NOW, THEREFORE, IT IS ORDERED that the Memorandum and Recommendation of United States Magistrate Judge Paul B. Taylor be, and hereby is, AFFIRMED and ACCEPTED IN ITS ENTIRETY.

IT IS FURTHER ORDERED that this Matter be, and hereby is, STAYED PENDING THE CONCLUSION OF ALL TRIALS IN *UNITED STATES V. DUNCAN ET AL.*, C–CR–91–49–P.

IT IS FURTHER ORDERED that the Request of the Claimants for a Hearing be, and hereby is, DENIED.