UNITED STATES of America, Plaintiff,

v.

FOUR (4) CONTIGUOUS PARCELS OF REAL PROPERTY SITUATED IN LOUISVILLE, JEFFERSON COUNTY, KENTUCKY, Generally Known and Designated as 2901 S. Seventh Street Road, 2915 S. Seventh Street Road, 1600 Arcade Avenue, and 1530 Arcade Avenue, Together with all Buildings, Improvements and Appurtenances Thereon

and

One (1) Parcel of Real Property Situated in Shively, Jefferson County, Kentucky, Generally Known and Designated as 2902 S. Seventh Street Road, Together with all Buildings, Improvements and Appurtenances Thereon

and

Six (6) Lots of United States Currency and Coin Totalling $266,178.05, Defendants.

No. C93–0196–L(H).

United States District Court,
W.D. Kentucky,
at Louisville.

Oct. 6, 1994.

Catherine R. Meng, U.S. Attorney's Office, Louisville, KY, for plaintiff.

Donald W. Darby, Jacobson, Maynard, Tuschman & Kalur; Thomas J. Luber, Michelle DeAnn Wyrick, Wyatt Tarrant & Combs; Thomas E. Clay; and Frank Mascagni III, Louisville, KY, for defendants.

## MEMORANDUM

HEYBURN, District Judge.

This case is before the Court on the Motion of the Plaintiff for a stay of this civil forfeiture action pursuant to 18 U.S.C. 981(g). In the alternative, the Plaintiff requests a protective order against the taking of depositions and responses to written discovery requests sought by Claimant, Donald G. Ford. The Court has balanced the Government's interest in temporarily evading civil discovery against the harm or prejudice to the Claimant that will result if the stay is granted and finds that the Plaintiff has not established "good cause" sufficient to warrant a stay of the civil forfeiture action. The Court, therefore, denies the Government's request for a stay of proceedings. The Court also denies Plaintiff's general request for a protective order. Upon motion of the parties, the Court will consider specific requests for protective orders.

### I.

On March 26, 1993, the United States filed this civil forfeiture action against the real property and currency of Claimant, Donald G. Ford, and on April 20 and 22, 1993, seized the property named in this action. The forfeiture action was motivated by the Government's suspicion of criminal activity by Don-

ald and Margaret Ford; Arcade Plaza, Inc.; and the Regular Veterans Association. On July 29, 1993, Claimant submitted discovery requests to the United States, and on August 3, 1993, served notices to take the depositions of a representative of the Louisville Division of Police and three Louisville Police officers. The notice served on the Division of Police included a broad discovery request for production of internal memoranda and documents related to the obtaining of search warrants in the criminal investigation of Claimant.

On August 6, 1993, the Government responded to Claimant's discovery request by filing a Motion for Stay or for a Protective Order regarding Claimant's discovery efforts. Because no indictment of Claimant had been issued at that time, this Court denied Plaintiff's Motion for a Stay, but granted, in part, Plaintiff's Motion for a Protective Order. On August 25, 1993, Claimant was indicted for violations of 18 U.S.C. §§ 1955–57.[1]

Alleging that Claimant availed himself of the broader civil discovery rules in this matter in an apparent attempt to circumvent the rules of criminal procedure, Plaintiff renewed its Motion for a Stay of Proceeding or for a Protective Order. To date there has not been a resolution of the criminal charges against Claimant and the Government has held Claimant's seized property for 18 months.

Because it is inherently unfair for the United States to seize property and then deny claimant any effective remedy for return of the property under these circumstances, the Court will deny Plaintiff's Motion for a Stay of Proceeding.

### II.

The principal civil forfeiture statute under which the United States brings this action, 18 U.S.C. § 981(g), contains a provision that permits the Court to stay a civil forfeiture proceeding upon the Government's motion and "for good cause shown" if an indictment or information alleging a violation of law has

---

1. Claimant was charged with violating 18 U.S.C. § 1955 [conducting an illegal gambling business], §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i)

[money laundering], and § 1957 [engaging in monetary transactions in property derived from illegal gambling].

been filed in a related criminal proceeding.[2] There are no federal circuit court cases that evaluate the circumstances under which the Government is entitled to a stay pursuant to 18 U.S.C. 981(g). Because the language of 18 U.S.C. 981(g) is substantially the same as the language of 21 U.S.C. 881(i), however, federal district courts have adopted tests used to determine whether a stay will be granted pursuant to 21 U.S.C. 881(i). *See, e.g., United States v. Funds Held in the Names or for the Benefit of Wetterer,* 138 F.R.D. 356, 358 (E.D.N.Y.1991) (declaring that "in a determination of whether a stay under 18 U.S.C. § 981(g) should be granted, it is appropriate to apply ... the teachings of cases interpreting 21 U.S.C. § 881(i)"). Apparently, neither the Sixth Circuit nor any of Kentucky's federal districts have addressed this issue.

■ When the Government requests a stay pursuant to 21 U.S.C. 881(i), a court must find that two elements exist before the stay will be granted: "(1) that forfeiture proceedings are 'related to' [the underlying offense] for which there has been an indictment, and (2) that the Government [has shown] 'good cause' for the stay." *In re Ramu Corp.,* 903 F.2d 312, 319 (5th Cir. 1990). Here, the underlying criminal case is related to the civil forfeiture proceeding. Whether or not the Government has shown "good cause" for a stay of the forfeiture proceeding is another matter, however. Unfortunately, there is not a uniform standard that dictates what the Government must establish to prove "good cause" for a stay.

### A.

■ Several district courts have held that the Government's need to protect its criminal case from a defendant's *potentially* broad civil discovery demands constitutes "good cause" sufficient to stay a civil forfeiture action. *See, e.g., U.S. v. Premises and Real Property at 297 Hawley St., Rochester, NY,* 727 F.Supp. 90, 91 (W.D.N.Y.1990). Some courts have applied a slightly more stringent

standard and held that the United States must make some specific showing of the potential harm to the Government that will result if the claimant's civil discovery efforts are not avoided. *See U.S. v. Leasehold Interests in 118 Ave. D,* 754 F.Supp. 282, 287 ("Mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery ... will not avail on a motion for a stay.").

Part of Congress's intent in enacting § 881(i) of the Comprehensive Drug Abuse Prevention and Control Act was to prevent a defendant of federal drug charges from exploiting civil discovery in an attempt to circumvent the limitations of criminal discovery. Unlike the federal crimes to which 21 U.S.C. 881(i) applies, however, 18 U.S.C. 981(g) operates primarily as an aid to the prosecution of crimes such as auto theft, fraud, illegal gambling and money laundering. With crimes involving controlled substances, the threat of intimidation of witnesses and threats to the safety of law enforcement officials normally are great. The same is not always true of the federal crimes to which 18 U.S.C. 981(g) applies. Besides, claimants have real and substantial civil interests which cannot be ignored simply because the United States elects to pursue two remedies, one civil and the other criminal, at the same time. Consequently, the Court concludes that mere allegations of potential abuse will not suffice.

### B.

■ Other courts balance the Government's interest in temporarily evading civil discovery against the harm or prejudice to the claimant that will result if the stay is granted. *See, e.g., In re Ramu,* 903 F.2d at 320 (citing *U.S. v. One Parcel of Real Estate at 1303 Whitehead St.,* 729 F.Supp. 98, 100 (S.D.Fla.1990)). Because determination of "good cause" and a grant of a stay of proceedings can deprive claimants of their property without opportunity for a hearing for a long period of time, whether "good cause" for a stay exists properly is viewed as a "mixed

---

2. 18 U.S.C. § 981(g) provides: "The filing of an indictment or information alleging a violation of law, Federal, State, or local, which is also related to a forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the forfeiture proceeding."

question of law and equity, requiring consideration of any mitigating circumstances that affect the appropriateness of a stay." *Id.* *See also U.S. v. All Right, Title & Interest in the Real Property and Buildings Known as 228 Blair Ave., Bronx, N.Y.*, 821 F.Supp. 893, 896 (S.D.N.Y.1993). The Court adopts this approach, which involves a standard similar to that required for the issuance of a preliminary injunction.

■ Under such a standard, the Government must establish the following: (1) a substantial likelihood that it will prevail on the merits, (2) the substantial threat that it will suffer irreparable injury, (3) that the threatened injury to the Government outweighs the threatened injury to the claimant, and (4) that granting the stay will not disserve the public interest. *See Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974), *reaffirmed by Tally–Ho, Inc. v. Coast Community College District*, 889 F.2d 1018 (11th Cir.1989). *See also In re Ramu*, 903 F.2d at 320. "Such a showing will avoid the hazards of indefinite delay, ensure that claimants receive due process of law, and generally assure the Court of the propriety of a stay." *U.S. v. Real Est. at 1303 Whitehead St., Key West*, 729 F.Supp. 98, 100 (S.D.Fla.1990). After weighing the interests of the Government against those of the Claimant, the Court concludes that the Government has not met its burden to show "good cause" why a stay should be granted.

### III.

■ The Government's principal argument is that permitting the Claimant "to engage in the broader discovery available under the Federal Rules of Civil Procedure would circumvent the purposes of the rules governing trial of criminal matters and prejudice the United States in its prosecution of the criminal case." The Government further asserts that there is a substantial threat that it will suffer irreparable injury if a stay is not granted.[3] These demons are of the Government's own making, however. The Government could have chosen to prosecute the

Claimant and, if successful, demanded criminal forfeiture of his property pursuant to 18 U.S.C. 982(a)(1). Instead, the Government chose to seize Claimant's property while it investigated his activities and as it continued to gather evidence sufficient to warrant an indictment.

■ The Government argues that "claimants cannot reasonably assert that they would be prejudiced if not permitted to go forward with discovery in the civil action." The Court cannot agree. If not permitted to proceed with this forfeiture action, Claimants would indeed be prejudiced: The Government has deprived them of their property for eighteen months and now seeks to preclude any timely efforts to secure its return. In doing so, the Government has moved dangerously close to riding roughshod over Claimant's right to due process of law.

The Fifth Amendment of the United States Constitution declares that persons shall not be deprived of life, liberty or property without due process of law. Due process of law must be reasonable, meaningful, and timely or it has no value as a constitutional right. For this reason, any prejudice or hardship to a claimant may invoke due process concerns.

The Government argues that it does not seek to prevent the claimants from obtaining information or documents necessary to litigate their claims in this civil forfeiture action, but only seeks a remedy that protects the claimants' rights to discovery following completion of the criminal case, while insuring the integrity of the criminal case. However, this argument rings somewhat hollow where, as here, Claimant was not indicted until five months after the Government commenced this civil action and where the likely duration of the proposed stay will deprive the Claimants, who have not been convicted, of their property for almost two years. Here, a lengthy stay pending resolution of the Government's criminal case against Claimants would be unduly burdensome to due process

---

3. It is no doubt true that part of the reason that claimant pursued this civil discovery is to gain some advantage in the criminal proceedings. However, the Court cannot ignore the possibility that the United States might have initiated the civil forfeiture in the first place for precisely the same reasons.

because the likely duration is entirely uncertain.[4]

Given the length of time that the Government has held Claimant's property, the uncertain duration of the proposed stay, and the real potential that Claimant's 5th Amendment right to due process of law would be violated, the Court finds that the threatened injury to the Claimant outweighs the threatened injury to the Government. Granting the stay would disserve the public interest. The Court will consider specific requests for protective orders on motions by the parties. The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

This case is before the court by Plaintiff's Motion for a Stay of Civil Proceedings or for a Protective Order. The Court having issued a memorandum opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for a Stay of Civil Proceedings is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's Motion for a Protective Order is **DENIED.** The Court will consider specific requests for protective orders in this matter on motions by the parties.

---

4. *See Landis v. North American*, 299 U.S. 248, 257, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936) (holding that a stay of indefinite duration cannot be granted). *See also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982) (noting that stays of immoderate or indefinite duration (in this case, seven years) constitute reversible error); *U.S. v. Banco Cafetero Int'l*, 107 F.R.D. 361, 366 (S.D.N.Y.1985) (holding that the duration of the Government's requested stay was too indefinite, given that a criminal investigation had been going on for 20 months and no information had been submitted to show its present status or how long it might take to complete the criminal case), *aff'd sub nom U.S. v. Banco Cafetero Panama*, 797 F.2d 1154, 1162 (2d Cir.1986).